J S - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| REPUBLIC OF KOREA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PARAGON SYSTEMS LLC, a<br>California limited liability company;<br>and DOES 1-50, inclusive,<br><br>　　　　　Respondents. | Case No. SACV10-00084 JVS (RNBx)<br><br>**JUDGMENT CONFIRMING<br>FOREIGN ARBITRAL AWARD**<br><br>Date: July 26, 2010<br>Time: 1:30 p.m.<br>Hon. Judge James V. Selna<br>Courtroom: 10C |

---

**JUDGMENT CONFIRMING FOREIGN ARBITRAL AWARD**

1    The Court, having granted the Petition to Confirm Foreign Arbitral Award of

2    Petitioner Republic of Korea ("Petitioner") and against Respondent Paragon Systems

3    LLC ("Respondent"), and the Court having ordered confirmation of the Arbitration

4    Award as a Judgment,

5    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Final

6    Judgment is entered in favor of the Republic of Korea and against Paragon Systems

7    in conformity with the terms of the Arbitration Award.  A certified Korean to English

8    translation of the Arbitration Award is attached hereto as Exhibit is A.  Petitioner

9    shall recover costs of suit incurred in this action.

10

11

12

13   Dated:  July 23, 2010

14                                              The Honorable James V. Selna

15

16

17   Respectfully submitted by:

18   ARNOLD & PORTER LLP

19

20

21   By: _____

22        James D. Layden
         Attorneys for the Republic of Korea

23

24

25

26

27

28

- 1 -

**JUDGMENT CONFIRMING FOREIGN ARBITRAL AWARD**

# EXHIBIT A

**EAST WEST INSTITUTE**
*Multilingual Services*
401 N. Bixel Street
Los Angeles, California 90026
213/482-1805 ◆ 213/482-5073(F)

# Certificate of Translation

I, Jin Ree, declare:

As one of the California State Certified Court Interpreters

(ID#300430), I am competent in the KOREAN and ENGLISH

languages.

East West Institute is an agent on my behalf.

I reviewed the attached translation from KOREAN into ENGLISH.

Said translation is a complete and accurate version of the original

text attached hereto, to the best of my knowledge and ability.

Executed this day, 7. 9. 2010 in Los Angeles County, State of

California

_____

Jin Ree, Translator



JIN REE
I.D. #300430
CALIFORNIA STATE CERTIFIED
COURT INTERPRETER

EXHIBIT ___A___ PAGE _2_

## ARBITRATION DECISION
### ORIGINAL COPY

## THE KOREAN COMMERCIAL ARBITRATION BOARD

- This Arbitration Decision can be recognized and enforced in any court in any country that has appropriate jurisdiction.

### THE KOREAN COMMECIAL ARBITRATION BOARD

### The Department of Arbitration Decision

### Arbitration Decision

Arbitration No.05112-0014 (Request for Arbitration)
Arbitration No.05113-0017 (Cross Arbitration Request)

Claimant (Cross Respondent) Paragon Systems Limited Liability Company (Paragon Systems LLC)

Address;  211 E. Imperial Highway, Fullerton, California 92835 USA

President: Teresa Peck

Representative of Claimant (Cross Respondent): Law Firm, SEJONG
       Attorneys in Charge: Sang Hyun HWANG, Joon Yong JEON

Respondent (Cross Claimant): Republic of Korea

Lawful Representative: Sung Ho KIM, Minister of Ministry of Justice

Arbitration Officers: Hee Chan CHO, Jin Chul KIM

Address for Service of Process:  The Office of Legal Department,
                Defense Acquisition Program Administration

Place of Arbitration: Seoul, Republic of Korea



JIN REE
I.D. #C00430
CALIFORNIA STATE CERTIFIED
COURT INTERPRETER

EXHIBIT __A__ PAGE __3__

## TEXT OF THE DECISION

1. Respondent (Cross Claimant)shall pay Claimant (Cross Respondent) US$ 140,309.41 and, of which, for the amount of US$135,900.23 with the interest at the rate of twenty (20) percent per annum, shall be accrued from June 16, 2005 to the date of payment in full.

2. Claimant (Cross Respondent) shall pay Respondent (Cross Claimant) US$ 1,976,968.00; However each of the following amounts shall be paid upon return of the following listed goods,

   A.  US$ 1,075,390.00 to be with the goods listed in the Item Number (A) on Appendix (2),

   B.  US$ 52,850.00 to be with the goods listed in the Item Number (B) on Appendix (2),

   C.  US$ 588,780 to be with the goods listed in the Item Number (C ) on Appendix (2),

   D.  US$ 259,940 to be with the goods listed in the Item Number (D) on Appendix (2),

3. All other request by Claimant (Cross Respondent) and Respondent (Cross Claimant)are denied.

4. Claimant (Cross Respondent)is responsible for the nine tenth (9/10) of the arbitration cost, and Respondent (Cross Claimant)is responsible for the one tenth (1/10) of the arbitration cost.

## Purport of Arbitration Request

1. Respondent (Cross Claimant)shall pay Claimant (Cross Respondent) US$ 919,822.15 and the interest on such amount at the rate of twenty (20) percent per annum from the date of submittal of this request until the date of payment in full.

2. Respondent (Cross Claimant)to be responsible for the arbitration cost.

## Purport of Cross Arbitration Request

1. Claimant (Cross Respondent) shall pay Respondent (Cross Claimant)US$ 2,044,829.06 and the interest on such amount at the rate of twenty (20) percent per annum from the next date of delivery of the response copy until the date of full payment.

2. Claimant (Cross Respondent) to be responsible for the arbitration cost.

## Reasons of Decision

**1.  Background**

EXHIBIT __A__ PAGE __4__

Facts as stated below can be recognized based on no disputes by the parties, and the submitted evidential documents and the testimony of Chun Ho SUH.

A. Claimant and Cross Respondent (hereinafter called as "Claimant") and Respondent and Cross Claimant (hereinafter called as "Respondent") entered into contracts to purchase goods listed on Appendix (1), and the goods were shipped on the dates as listed on Appendix (1),  all of which were delivered to Respondent around the dates.

B. Respondent has paid for certain goods or has not paid for certain goods as listed in the Payment column of Appendix (1)

C. After Respondent received the goods, Respondent found certain goods to be non-conforming as listed on Appendix (1). Respondent notified Claimant of such non-conforming goods, and Claimant received such notification around the time of Respondent's notification.

D. After receipt of Respondent's notification of such non-conforming goods, Claimant did not cure the non-conforming items. Accordingly, Respondent notified Claimant of cancellation of the contract on the date as stated in the Cancellation of Contract column on Appendix (A).

E.  According to the contract provisions, Claimant agreed to provide performance bond with five (5) percent or ten (10) percent of the price of the goods within thirty (30) days of issuance of letter of credit, and such Performance Bond to be returned to Claimant in case of Respondent's cancellation of the contract.
Respondent forfeited the performance bonds, due to Claimant's performance which is not in accordance with the contract provisions, as indicated in the Forfeited Deposits column on Appendix (1).

F. According to the contents of the contract, in case, defects of goods, Claimant does not repair or replace such non-conforming items without delay, Claimant agreed to pay Respondent equal to ten (10) percent of the goods price as compensation of damages.

G. The goods Respondent received under the contracts of this case as listed on Appendix (2) are being possessed by Respondent.

## 2. Analysis For Each Contract

### A. Analysis of Contract No. KD01FD18600

    a.  Analysis  of Claimant Request

        i.     As Respondent recognized and admits non-payment for Ventilator (5), Respondent is responsible to  pay US$ 18,500.00 to Claimant for such goods.

        ii.     Although Claimant seeks to recover the forfeited Performance Bond in the amount of US$ 60,700.60, all goods other than Ventilator (5) are determined as

I.D. 000000
CALIFORNIA STATE CERTIFIED
COURT INTERPRETER

EXHIBIT ___A___ PAGE ___5___

non-conforming. Therefore, Respondent's cancellation of the contract and forfeiture of the Performance Bond is justified, and Respondent is responsible to return only US$ 925.00 to Claimant for the Performance Bond of Ventilator (5).

b.  Analysis of Respondent's Cross Request

    i.   Because all goods other than Ventilator (5) are being able to determine as non-conforming goods, Claimant is responsible to return US$ 1,075,390, which was already paid, to Respondent.

    ii   However, return of the payment above and return of the goods listed as Item Number (A) on Appendix (2) are in relationship of concurrent fulfillment.

## B.  Analysis of Contract No. KD02DD17580

a.  Analysis of Claimant's Request

    i.   Because 1 ea. of Coaxial magnetron (8) and 2 ea. of Coaxial magnetron (5) are determined as non-conforming, Respondent's forfeiture of the Performance Bond and the cancellation of the contract for those three (3) items is justifiable.

    ii.   Although Claimant seeks for the payment of the contract amount for Coaxial magnetron (8), as 1 ea. of Coaxial magnetron (8) is determined as non-conforming. Respondent is responsible to pay US$ 185,003.00 to Claimant for seven (7) Coaxial magnetrons

    iii.   Respondent is responsible to pay US$ 13,214.50 for ten (10) magnetrons out of US$ 17,178.85 that Respondent forfeited performance bond as to thirteen (13) Coaxial magnetrons.

b.  Analysis on Respondent's Cross Request

    i.   Claimant is responsible to return to Respondent US$ 52,850 that has been received as to two (2) out of five (5) Coaxial magnetrons.

    ii.   However, return of the payment above and return of the goods listed as Item Number (B) on Appendix (2) are in relationship of concurrent fulfillment.

## C.  Analysis on Contract No. KD01LD18485

a.  Analysis on Claimant's Request

EXHIBIT ___A___ PAGE ___6___

i.      Respondent's cancellation of the contract and the forfeiture of the Performance Bond is justified because all rest items delivered, except Battery Cell (929), Bearing Set (7), Chain & Cap (173), Bearing Ball (1), and Bearing Roller (1), are determined as non-conforming. However, Respondent is responsible to pay Claimant the contract price as to those conforming items above in the amount of US$ 118,647.00 and the Performance Bond of US$ 5,932.35 Respondent has forfeited.

ii.      Claimant claims that Respondent should pay for damage compensation for the contract price for the conforming goods above because Respondent has not returned the goods to Claimant yet. However, such claim is with no merit because it is not proved that the goods have been lost or cannot be returned.

### D. Analysis on Contract No. KD01LD18474

a. Analysis on Claimant's Request

i.      Although Claimant seeks to recover the Performance Bond that Respondent has forfeited, such request is denied because all of the goods are able to be recognized as non-conforming.

b. Analysis on Respondent's Cross Request

i.      Claimant is responsible to return US$ 588,780.00 to Respondent for the price of goods that was paid because Respondent's cancellation of the contract due to the non-conforming is justified.

ii.      However, return of the payment above and return of the goods listed as Item Number (C) on Appendix (2) are in relationship of concurrent fulfillment.

### E. Analysis on Contract No. KD11ED18296

a. Analysis on Claimant's Request

i.      Request for payment of the price of the goods is with no merit because it is recognized as non-conforming of the goods.

b. Analysis on Respondent's Cross Request

i.      Respondent's cancellation of the contract is justified and Claimant is responsible to pay US$ 5,650.80 to Respondent.

### F. Analysis on Contract No. KD11GD18181

EXHIBIT _A_ PAGE _7_

a. Analysis on Claimant's Request

    i.    Since it is recognized that 40 ea. out of 4,000 ea. were in shortage of quantity, thus Respondent is responsible to pay US$ 15,800.40 to Claimant for the remaining 3,960 ea.

b. Analysis on Respondent's Cross Request

    i.    As above, 40 ea. are in shortage, Claimant is responsible to pay $15.96 to Respondent as to the Performance Bond.

## G. Analysis on Contract No. KD12DD 17414

### a. Analysis on Claimant's Request

    i.    Respondent is responsible to pay US$ 8,912.00 from the goods price to Claimant since it is determined that Respondent did not make the payment.

    ii.    Respondent is responsible to return US$ 46,440.50 previously forfeited amount, to Claimant.

## H. Analysis on Contract No. KD11AD18388

a. Analysis on Respondent's Cross Request

    i.    As all of the goods are non-conforming, the cancellation of the contract by Respondent is justified. Therefore, Claimant is responsible to return received US$ 259,940.00 and pay Performance Bond in the amount of US$ 25,994.

    ii.    However, return of the payment above and return of the goods listed as Item Number (D) on Appendix (2) are in relationship of concurrent fulfillment.

## 3. Damage Compensation

As seen before, as per the agreement, Claimant shall pay Respondent ten (10) percent of the goods price in case of non-conforming on the goods. Because the contract price for the non-conforming goods is US$ 2,458,137.60, Claimant is responsible to pay US$ 245,813.76 as damage compensation to Respondent.

## 4. Conclusion

I.D. # ___ ___
CALIFORNIA STATE CERTIFIED
COURT INTERPRETER

EXHIBIT ___4___ PAGE ___8___

A.  Respondent is responsible to pay Claimant US$ 346,862.40 for price of the goods and US$ 66,512.35 for return of the Performance Bonds, totaling in the amount of US$413,374.75, with the interest at the rate of twenty (20) percent per annum from June 16, 2005, which is the day after submission of a copy of Claimant's arbitration request to Respondent, to the date of payment in full.

B.  On the other hand, Claimant is responsible to pay Respondent US$ 1,976,968 for price of the goods, US$ 31,660.76 for the Performance Bond, and US$ 245,813.76 for damages, with the interest at the rate of twenty (20) percent per annum, as Respondent requested from July 15, 2005, which is the day after submittal of a copy of Respondent's response to Claimant (dated July 13, 2005), to the date of full payment.
However, in a bilateral contact, when the contract is terminated, both parties are obligated to restore the other party to the position as good as before they entered into the contract and such obligation should be fulfilled concurrently. Thus, out of the contract price in the amount of US$ 1,976,968.00, Claimant is responsible to pay Respondent as follows: (i) US$ 1,075,390.00 when Respondent returned the goods listed as Item Number (A) on Appendix (2); (ii) US$ 52,858.00 when Respondent returned the goods listed as Item (B) on Appendix (2), (iii) US$ 588,780.00 when Respondent returned the goods listed as Item (C) on Appendix (2); and (iv) US$ 259,940.00 when Respondent returned the goods listed as Item (D) on Appendix (2). Accordingly, as to above obligation to return goods, Claimant needs not pay Respondent interest on these amounts.

C.  Among Claimant's receivables against Respondent in the total amount of US$ 413,374.75, Respondent' receivables against Claimant US$ 31,660.76 for the Performance Bond and US$ 245,813.76 for the damages would have been set-off on July 14, 2005 (as of the date when a copy of Respondent's response was delivered to Claimant). After setting off Respondent's receivables against Claimant's receivables, however, Respondent is still responsible to pay Claimant US$ 135,900.23 plus US$ 4,409.18 (as the interest amount from June 16, 2005 to July 14, 2005 at the rate of twenty (20) percent per annum for Claimant's set-off amount of US$ 277,474.52) total in the amount of $140,309.41, and Respondent shall also pay Claimant for the damages for delay at the rate of twenty (20) percent per annum on US$ 135,900.23.

D.  So decided for the foregoing reasons.

January 22, 2007

Chair Arbitrator: /Signature/ Ji Hyung JUNG

Arbitrator: /Signature/ Jung Soo KIM

Arbitrator: /Signature/ Sang Woon LEE

EXHIBIT _A_ PAGE _9_

Appendix (1)

| Contract No. | Item (quantity) | Contract Date | Payment | Shipment Date | Type of Nonconformity | Nonconformity Notice Date | Cancellation of Contract | Forfeited Deposit |
|---|---|---|---|---|---|---|---|---|
| KD01FD186 00 | Ventilator (5) | 2000.12.22 | 18,500(unpaid) | 2002/01/06 | Conforming | | | |
| | Cover Left Assy(1) | | 50,312(paid) | 2001/12/01 | Imperfect | 2002/06/21 | | |
| | Cover Left Assy(1) | | 553,452(paid) | 2001/12/01 | Imperfect | 2002/09/10 | | |
| | Cover Right Assy(9) | | 452,808(paid) | 2001/12/01 | Imperfect | 2002/09/10 | | |
| | Bearing Sleeve(2) | | 18,838(paid) | 2001/12/01 | Imperfect | 2002/10/01 | | |
| | Magnetron(16) | | 83,344(unpaid) | 2002/01/02 | Different type than ordered | 2002/04/02 | Terminated (through the delivery of Response) | 60,770.60 (5%) |
| | Bearing(632) | | 18,328(unpaid) | 2002/01/10 | Different type than ordered | 2002/05/04 | Terminated ('05.3.10) | |
| | Drive Shaft Main(30) | | 94,470(unpaid) | 2002/01/10 | Different type than ordered | 2002/05/08 | Terminated ('05.3.10) | |
| | Tube Assembly(10) | | 41,320(unpaid) | 2002/01/10 | Different type than ordered | 2002/05/08 | Terminated ('05.3.10) | |
| | Bearing Ball(9) | | 10,287(unpaid) | 2002/01/10 | Different type than ordered | 2002/05/08 | Terminated ('05.3.10) | |
| | Bearing Roller(10) | | 16,990(unpaid) | 2002/01/10 | Different type than ordered | 2002/05/08 | Terminated ('05.3.10) | |
| KD01LD184 85 | Shaft(11) | 2000.12.8 | 56,562(unpaid) | 2002/01/10 | Different type than ordered | 2002/07/09 | Terminated (through the delivery of Response) | 21,668.80 (5%) |
| | T/R Hub Strap Assy(59) | | 31,919(unpaid) | 2002/01/10 | Different type than ordered | 2002/07/09 | Terminated (through the delivery of Response) | |
| | Crank Assy(43) | | 13,803(unpaid) | 2002/01/10 | Different type than ordered | 2002/08/14 | Terminated (through the delivery of Response) | |
| | Automatic Engine(25) | | 31,050(unpaid) | 2002/01/10 | Different type than ordered | 2002/09/07 | Terminated (through the delivery of Response) | |

I.D. ... 030
... CERTIFIED
COURT INTERPRETER

EXHIBIT _A_ PAGE _10_

| | | | | | | | Response) |
|---|---|---|---|---|---|---|---|
| | Battery Cell(929) | | 84,539(unpaid) | 2002/01/10 | Conforming | | |
| | Bearing Set(7) | | 13,447(unpaid) | 2002/01/10 | Conforming | | |
| | Chain & Cap(173) | | 17,819(unpaid) | 2002/01/10 | Conforming | | |
| | Bearing Ball(1) | | 1,143(unpaid) | 2002/01/10 | Conforming | | |
| | Bearing Roller(1) | | 1,699(unpaid) | 2002/01/10 | Conforming | | |
| KD02DD17 580 | Coaxial Magnetron(5) | 2000.12.14 | 132,145(paid) | 2002/01/13 | | 2002/07/03 | Terminated (through the delivery of Response) 17,178.85 (5%) |
| KD01LD184 74 | Coaxial Magnetron(8) | 2000.12.18 | 211,432(unpaid) | 2002/02/06 | Imperfect | 2002/10/04 | Terminated (through the delivery of Response) (5%) |
| KD01ED182 96 | Box Assy(20) | 2000.10.12 | 588,780(paid) | 2002/01/10 | Imperfect | 2002/09/07 | Terminated (through the delivery of Response) 29,439 (5%) |
| KD11GD18 181 | Xenon Lamp(277) | 2001.9.12 | 56,508(unpaid) | 2002/10/21 | Different type than ordered | 2002/04/23 | (10%) |
| KD11AD18 388 | Ammunition Box Assy(10) | | 15,960(unpaid) | 2002/09/22 | Short in quantity | 2002/12/23 | (10%) |
| KD12DD17 414 | Special Bolt(4000) | | 259,940(paid) | 2002/01/20 | Imperfect | 2002/09/07 | Terminated (through the delivery of Response) (10%) |
| | Rorary Coupler(8) | 2001.10.19 | 177,096(unpaid) | 2003/02/18 | Conforming | | 46,440.50 |



JAN FEE
I.D. #20430
CALIFORNIA CERTIFIED
COURT INTERPRETER

EXHIBIT ___A___ PAGE ___11___

## Appendix (2)

| Item Number | Contract Number | Item (Quantity) |
|---|---|---|
| (A) | KD01FD18600 | Cover Left Assy (1)<br><br>Cover Left Assy (11)<br><br>Cover Right Assy (9)<br><br>Bearing Sleeve (2) |
| (B) | KD02DD17580 | 2 ea. out of<br>Coaxial magnetron (5)<br><br>1 ea. out of<br>Coaxial magnetron (8) |
| (C ) | KD01LD18474 | Box Assy (20) |
| (D) | KD11AD18388 | Ammunition Box Assy (10) |



EXHIBIT _A_ PAGE _12_

# 중 재 판 정

## 원　본



# 사단법인 대한상사중재원

※ 이 중재판정에 관하여는 적법한 관할권이 있는 세계 각국의 어느 법원에서도
그 확인 또는 집행이 가능합니다.

# 대 한 상 사 중 재 원

## 중 재 판 정 부

## 중 재 판 정

중재 제05112-0014호 (중재신청)

중재 제05113-0017호 (반대신청)

신 청 인(반대피신청인) : 파라곤 시스템즈 리미티드 라이어빌러티 컴파니
(Paragon System LLC.)

주      소: 211 이. 임페리얼 하이웨이, 풀러튼, 캘리포니아
92835, 미합중국

(211 E. Imperial Hwy Fullerton, CA, 92835, USA)

대 표 이 사: 테레사 펙(Teresa Peck)

신청인대리인: 법무법인 세종

담당변호사 황상현, 전준용

주      소: 대한민국 서울특별시 중구 순화동 1-170
에이스타워 4층

피 신' 청 인(반대신청인) :   대한민국

법률상 대표자 법무부장관 김성호

중재 수행자: 조희찬, 김진철

송 달 장 소: 대한민국 서울특별시 용산구 용산동 2가 2-15
방위사업청 법무담당관실

중재지: 대한민국 서울



## 판 정 주 문

1. 피신청인(반대신청인)은 신청인(반대피신청인)에게 미화 140,309.41달러 및 그 중 미화 135,900.23달러에 대한 2005. 6. 16.부터 완제일까지 연 20%의 비율에 의한 금원을 지급하라.

2. 신청인(반대피신청인)은 피신청인(반대신청인)에게 미화 1,976,968달러를 지급하되 위 금원 중,

   가. 미화 1,075,390달러는 별지(2) 기재 번호(가) 물품과,

   나. 미화 52,858달러는 별지(2) 기재 번호(나) 물품과,

   다. 미화 588,780달러는 별지(2) 기재 번호(다) 물품과,

   라. 미화 259,940달러는 별지(2) 기재 번호(라) 물품과 각 상환으로 지급하라.

3. 신청인(반대피신청인) 및 피신청인(반대신청인)의 나머지 신청은 모두 기각한다.

4. 중재비용 중 10분의 9는 신청인(반대피신청인)의, 10분의 1은 피신청인(반대신청인)의 부담으로 한다.


## 중 재 신 청 취 지

1. 피신청인(반대신청인)은 신청인(반대피신청인)에게 미화 919,822.15달러 및 이에 대한 이 사건 중재신청서 부본 송달 다음날부터 완제일까지 연 20%의 비율에 의한 금원을 지급하라.

2. 중재비용은 피신청인(반대신청인)의 부담으로 한다.


11-2

EXHIBIT ___A___ PAGE ___15___

EXHIBIT ___9___ PAGE ___203___

## 반 대 중 재 신 청 취 지

1. 신청인(반대피신청인)은 피신청인(반대신청인)에게 미화 2,044,829.06달러 및 이에 대한 이 사건 답변서 부본 송달일 다음날부터 완제일까지 연 20%의 비율에 의한 금원을 지급하라.

2. 중재비용은 신청인(반대피신청인)의 부담으로 한다.

## 판 정 이 유



### 1. 기초사실

아래와 같은 사실은 당사자 사이에 다툼이 없거나 제출된 증거서류 및 증언 서춘호의 증언에 의하여 인정할 수 있다.

가. 신청인겸 반대피신청인(이하 신청인이라고만 한다)과 피신청인겸 반대신청 인(이하 피신청인이라고만 한다) 사이에 별지(1) 기재와 같은 내용의 물품 구매계약이 체결되고 물품명란의 물품이 피신청인에게 선적일란 기재 일자 에 선적되어 그 무렵 모두 피신청인에게 인도되었다.

나. 피신청인은 별지(1) 기재 물품대금(지급여부)란 기재와 같이 그 대금을 지급 하였거나 지급하지 아니하고 있다.

다. 피신청인이 인수한 위 물품에는 별지(1) 기재 하자의 종류란 기재와 같이
   하자가 있다고 하여 위 별지(1) 기재 하자통지일란의 기재와 같이 하자가
   있음을 신청인에게 통지하였고, 그 무렵 신청인은 이를 수령하였다.

라. 피신청인은 위와 같이 하자통보를 하였으나 신청인이 하자를 치유하지 아니
   함에 따라 이를 이유로 별지(1) 기재 계약해제여부란 기재일자에 이 사건
   계약의 해제를 통지하였다.

마. 이 사건 계약내용에 의하면, 신청인은 신용장발행일 후 30일 이내에 물품대
   금의 5% 또는 10%에 해당하는 계약이행보증금을 피신청인에게 제공하게
   되어 있으며, 피신청인이 계약을 해제하는 경우 위 보증금을 몰수할 수 있
   다.
   피신청인은 신청인이 제공한 이행보증금을 신청인이 계약의 내용에 좇지
   아니한 이행을 하였다는 이유로 별지(1) 기재 몰수한 이행보증금란 기재와
   같이 이를 몰수하였다.

바. 위 계약내용에 의하면, 물품에 하자가 있는 경우 신청인이 지체없이 이를
   수리 또는 대체하지 아니한 때에는 물품대금의 10%에 상당하는 손해배상
   금을 지급하기로 약정되었다.

사. 이 사건 계약으로 피신청인이 공급받은 별지(2) 기재 물품은 피신청인이 점
   유하고 있다.

EXHIBIT 9 PAGE 205



2. 각 계약별 판단

가. 계약번호 KD01FD18600에 관한 판단



  1) 신청인의 신청에 대한 판단

  가) Ventilater(5)의 대금지급을 하지 않은 사실은 피신청인이 인정하고 있으므로 그 대금 18,500미화달러(이하 '달러'라고만 한다)를 피신청인은 신청인에게 지급할 의무가 있다.

  나) 몰수된 이행보증금 60,700.60달러의 지급을 구하나, Ventilater(5) 이외의 물품들은 모두 하자가 있는 것이어서, 그에 대한 피신청인의 계약해제와 이행보증금의 몰수는 정당하므로 피신청인은 Ventilater(5)에 대한 이행보증금 925달러만을 신청인에게 반환할 의무가 있다.

  2) 피신청인의 반대신청에 대한 판단

  가) Ventilater(5) 이외의 물품들은 하자가 있는 사실을 인정할 수 있으므로 신청인은 피신청인에게 이미 지급된 Ventilater(5) 이외의 물품대금 1,075,390달러를 반환할 의무가 있다.

  나) 위 대금반환과 별지(2) 기재 물품번호(가) 물품의 반환은 동시이행의 관계에 있다.

나. 계약번호 KD02DD17580에 관한 판단

II-5



1) 신청인의 신청에 대한 판단

가) Coaxial magnetron(8) 중 1개와 Coaxial magnetron(5) 중 2개의 물품
합계 3개가 하자가 있음이 인정되므로 위 물품 3개에 대한 피신청인의
계약해제와 이행보증금의 몰수는 정당하다.

나) Coaxial magnetron(8) 물품대금의 지급을 구하나, 그 중 1개가 하자가
있음은 위에서 판단한 바와 같으므로 피신청인은 신청인에게 나머지 7
개의 대금 185,003달러를 지급할 의무가 있다.

다) 피신청인은 Coaxial magnetron 13개에 대하여 몰수한 이행보증금
17,178.85달러 중 10개 부분 13,214.5달러를 신청인에게 반환할 의무가
있다.

2) 피신청인의 반대신청에 대한 판단



가) 신청인은 위 이미 지급받은 Coaxial magnetron(5) 중 2개의 대금 52,858
달러를 피신청인에게 반환할 의무가 있다.

나) 위 대금반환과 별지(2) 기재 물품번호(나) 물품의 반환은 동시이행의 관
계에 있다.

다. 계약번호 KD01LD18485에 관한 판단

1) 신청인의 신청에 대한 판단

가) 이 물품 중 Battery cell(929), Bearing set(7), Chain & cap(173),
Bearing Ball(1), Bearing Roller(1)를 제외한 나머지 물품은 모두 이종의

EXHIBIT 9 PAGE 207

EXHIBIT A PAGE 19



것이어서 위에 대한 피신청인의 해제통지와 이행보증금의 몰수는 정당

하나, 정상품인 위 물품에 대한 대금 118,647달러와 몰수한 이행보증금

5,932.35달러를 피신청인은 신청인에게 지급할 의무가 있다.

나) 신청인은 위 나머지 물품을 피신청인이 반환하지 아니하고 있으므로 그

물품상당액의 손해를 배상할 책임이 있다고 주장하나, 위 물품이 멸실되

었거나 인도가 불가능하다는 점에 대한 입증이 없으므로, 신청인의 위

주장은 이유 없다.


라. 계약번호 KD01LD18474에 관한 판단



1) 신청인의 신청에 대한 판단

피신청인이 몰수한 이행보증금의 반환을 구하나, 물품전부에 하자가 있음

을 인정할 수 있으므로 이행보증금 반환청구는 이유 없다.


2) 피신청인의 반대신청에 대한 판단

가) 피신청인이 하자를 이유로 한 계약해제는 정당하므로 지급된 물품대금

588,780달러를 신청인은 피신청인에게 반환할 의무가 있다.

나) 위 물품대금의 반환과 별지(2) 기재 번호 (다) 물품의 반환은 동시이행의

관계에 있다.


마. 계약번호 KD11ED18296에 관한 판단


1) 신청인의 신청에 대한 판단

물품의 하자가 인정되므로 물품대금의 지급청구는 이유 없다.

EXHIBIT _A_ PAGE _20_

EXHIBIT ___9___ PAGE ___208___

2) 피신청인의 반대신청에 대한 판단

가) 피신청인의 계약해제는 경당하고, 이행보증금 5,650.8달러를 신청인은 피
신청인에게 지급할 의무가 있다.

바. 계약번호 KD11GD18181에 관한 판단

1) 신청인의 신청에 대한 판단

물품 4,000개 중 40개가 부족한 사실이 인정되므로 나머지 물품 3,960개의
대금 15,800.4달러를 피신청인은 신청인에게 지급할 의무가 있다.

2) 피신청인의 반대신청에 대한 판단

가) 위와 같이 40개가 부족하므로 그에 대한 이행보증금 15.96달러를 신청인
은 피신청인에게 지급할 의무가 있다.

사. 계약번호 KD12DD17414에 관한 판단

1) 신청인의 신청에 대한 판단

가) 물품대금 중 대금 8,912달러가 지급되지 않은 사실이 인정되므로 이를
피신청인은 신청인에게 지급할 의무가 있다.

나) 피신청인은 물수한 46,440.5달러를 신청인에게 반환할 의무가 있다.

아. 계약번호 KD11AD18388에 관한 판단

11-8

EXHIBIT 9 PAGE 209

EXHIBIT 4 PAGE 21

1) 피신청인의 반대신청에 대한 판단

가) 물품이 모두 하자가 있는 것이어서, 피신청인의 계약해제는 정당하므로 신청인은 지급받은 259,940달러를 피신청인에게 반환하고, 이행보증금 25,994달러를 지급할 의무가 있다.

나) 위 물품대금의 반환과 별지(2) 기재 물품번호(라) 물품의 반환은 동시이행의 관계에 있다.



## 3. 손해배상금

이 사건 물품에 하자가 있는 경우 신청인은 피신청인에게 물품대금의 10%에 해당하는 손해금을 지급하기로 약정한 사실은 앞서 본 바와 같은바, 이 사건 하자있는 물품대금은 2,458,137.6달러이므로 신청인은 피신청인에게 손해금으로 245,813.76달러를 지급할 의무가 있다.

## 4. 결론

가. 피신청인은 신청인에게 물품대금 346,862.4달러와 이행보증금의 반환금 66,512.35달러 합계 413,374.75달러 및 이에 대하여 신청인이 구하는 바에 따라 같이 이 사건 중재신청서 부본이 피신청인에게 송달된 다음 날인 2005. 6. 16.부터 완제일까지 연 20%의 비율에 의한 지연손해금을 지급할 의무가 있다.

EXHIBIT __A__ PAGE __22__                    EXHIBIT __9__ PAGE __210__

나. 한편, 신청인은 피신청인에게 반환할 물품대금 1,976,968달러, 이행보증금 31,660.76달러, 손해금 245,813.76달러 및 일응 위 각 금원에 대하여 피신청인이 구하는 바대로 이 사건 답변서(2005. 7. 13.자) 부본이 신청인에게 송달된 날의 다음날인 2005. 7. 15.부터 완제일까지 연 20%의 비율에 의한 지연손해금을 지급할 의무가 있다.

그러나, 쌍무계약에서 계약해제에 따른 원상회복의무는 서로 동시 이행관계에 있는 것이므로 신청인의 위 물품대금반환채무 1,976,968달러 중 1,075,390달러는 별지(2) 기재 번호(가) 물품과, 52,858달러는 같은 별지 기재 번호(나) 물품과, 588,780달러는 같은 별지 기재 번호(다) 물품과, 259,940달러는 같은 별지 기재 번호(라) 물품과 각 상환으로 지급할 의무가 있다. 따라서 위 물품대금 반환채무에 대하여는 위 지연손해금을 인정하지 아니한다.

다. 신청인의 피신청인에 대한 채권 합계 413,374.75달러 중 피신청인의 신청인에 대한 위 이행보증금채권 31,660.76달러 및 손해금채권 245,813.76달러 합계 277,474.52달러는 2005. 7. 14.(위 답변서 부본이 신청인에게 송달된 날)에 상계적상에 있게 되었다 할 것이니 이를 상계하면 결국, 피신청인은 신청인에게 135,900.23달러와 4,409.18달러(상계된 신청인의 채권 277,474.52달러에 대한 2005. 6. 16.부터 같은 해 7. 14.까지 연 20%의 비율에 의한 금원) 합계 140,309.41달러 및 그 중 135,900.23달러에 대한 위 "가"기재 비율에 의한 지연손해금을 지급할 의무가 있다.

EXHIBIT ___A___ PAGE ___23___

EXHIBIT ___9___ PAGE ___24___

라. 이상과 같은 이유로 주문과 같이 판정한다.



2007.   1.   22.

의 장 중 재 인 : _____
                정   지   형

중    재    인 : _____
                김   정   수

중    재    인 : _____
                이   상   운

11-11

EXHIBIT ___A___ PAGE _24_

EXHIBIT ___9___ PAGE _2/2_

별    지 (1)

| 계약번호 | 품목명(수량) | 계약일 | 품목대금 (지급여부) | 선적일 | 하자의 종류 | 하자통지일 | 계약해제여부 | 손해배상 이행보증금 (보증금비율) |
|---|---|---|---|---|---|---|---|---|
| KD01FD18600 | Ventilator(5) | 2000.12.22. | 18,500(미지급) | 2002/01/06 | 정상품 | | 해제 (증재단변서 송달로) | 60,770.60 (5%) |
| | Cover Left Assy(1) | | 50,312(지급) | 2001/12/01 | 불량전 | 2002/06/21 | | |
| | Cover Left Assy(11) | | 553,432(미지급) | 2001/12/01 | 불량전 | 2002/09/10 | | |
| | Cover Right Assy(9) | | 452,808(지급) | 2001/12/01 | 불량전 | 2002/09/10 | | |
| | Bearing Sleeve(2) | | 18,838(지급) | 2001/12/01 | 불량전 | 2002/10/01 | | |
| | Magnetron(16) | | 83,344(미지급) | 2002/01/02 | 이종 | 2002/04/02 | | |
| | Bearing(632) | | 18,328(미지급) | 2002/01/10 | 이종 | 2002/05/04 | 해제('05. 3. 10) | |
| | Drive Shaft Main(30) | | 94,470(미지급) | 2002/01/10 | 이종 | 2002/05/08 | 해제('05. 3. 10) | |
| | Tube Assembly(10) | | 41,320(미지급) | 2002/01/10 | 이종 | 2002/05/08 | 해제('05. 3. 10) | |
| | Bearing Ball(9) | | 10,287(미지급) | 2002/01/10 | 이종 | 2002/05/08 | 해제('05. 3. 10) | |
| | Bearing Roller(10) | | 16,990(미지급) | 2002/01/10 | 이종 | 2002/05/08 | 해제('05. 3. 10) | |
| | Shaft(11) | | 56,562(미지급) | 2002/01/10 | 이종 | 2002/07/09 | 해제 (증재단변서 송달로) | |
| KD01LD18485 | T/R Hub Strap Assy (59) | 2000.12. 8. | 31,919(미지급) | 2002/01/10 | 이종 | 2002/07/09 | 해제 (증재단변서 송달로) | 21,668.80 (5%) |
| | Crank Assy(43) | | 13,803(미지급) | 2002/01/10 | 이종 | 2002/08/14 | 해제 (증재단변서 송달로) | |
| | Automatic Engine(25) | | 31,050(미지급) | 2002/01/10 | 이종 | 2002/09/07 | 해제 (증재단변서 송달로) | |
| | Battery Cell(929) | | 84,539(미지급) | 2002/01/10 | 정상품 | | | |
| | Bearing Set(7) | | 13,447(미지급) | 2002/01/10 | 정상품 | | | |
| | Chain & Cap(173) | | 17,819(미지급) | 2002/01/10 | 정상품 | | | |
| | Bearing Ball(1) | | 1,143(미지급) | 2002/01/10 | 정상품 | | | |
| | Bearing Roller(1) | | 1,699(미지급) | 2002/01/10 | 정상품 | | | |
| KD02DD17580 | Coaxial Magnetron(5) | 2000.12.14. | 132,145(지급) | 2002/01/13 | 불량전 | 2002/07/03 | 해제 (증재단변서 송달로) | 17,178.85 (5%) |
| | Coaxial Magnetron(8) | | 211,432(미지급) | 2002/02/05 | 불량전 | 2002/10/04 | 해제 (증재단변서 송달로) | 29,439(5%) |
| KD01LD18474 | Box Assy(20) | 2000.12.18. | 588,780(지급) | 2002/01/10 | 불량전 | 2002/09/07 | 해제 (증재단변서 송달로) | (10%) |
| KD11BD18296 | Xenon Lamp(277) | 2000.10.12. | 56,508(미지급) | 2002/10/21 | 이종 | 2002/04/23 | | (10%) |
| KD11GD18181 | Special Bolt(4000) | 2001. 9.12. | 15,960(미지급) | 2002/09/22 | 부족 | 2002/12/23 | | (10%) |
| KD11AD18338 | Ammunition Box Assy(10) | | 259,940(지급) | 2002/01/20 | 불량전 | 2002/09/07 | 해제 (증재단변서 송달로) | (10%) |
| KD12DD17414 | Rorary Coupler(8) | 2001.10.19. | 177,096(미지급) | 2003/02/18 | 정상품 | | | 46,440.50 |

EXHIBIT ___9___ PAGE 218

별          지 (2)

| 물품번호 | 계약번호 | 물품명(수량) |
|---|---|---|
| (가) | KD01FD18600 | Cover Left Assy(1) |
| | | Cover Left Assy(11) |
| | | Cover Right Assy(9) |
| | | Bearing Sleeve(2) |
| (나) | KD02DD17580 | Coaxial Magnetron(5) 중 2개 |
| | | Coaxial Magnetron(8) 중 1개 |
| (다) | KD01LD18474 | Box Assy(20) |
| (라) | KD11AD18388 | Ammunition Box Assy(10) |

EXHIBIT ___9___ PAGE __214__

EXHIBIT __A__ PAGE __26__